United States District Court
Southern District of Texas
**ENTERED**
August 26, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SOUTHERN SMITH, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-04988 |
| | § | |
| BP EXPLORATION & | § | |
| PRODUCTION INC. and | § | |
| BP AMERICA PRODUCTION | § | |
| COMPANY | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants BP Exploration & Production Inc. and BP America Production Company's (Collectively, "Defendants") Motion for Summary Judgment. (Dkt. 36). Having carefully reviewed the motion, applicable law, and the entire record, the motion is **GRANTED**.

### I.     FACTUAL BACKGROUND

This case arises out of the April 2010 *Deepwater Horizon* oil spill. On April 22, 2019, Plaintiff Southern Smith filed this Back-End Litigation Option ("BELO") lawsuit alleging that he suffered from various diagnosed medical conditions as a result of his exposure to chemicals while performing "clean-up work" after the *Deepwater Horizon* oil spill. (Dkt. 1 at p. 1-3). Smith seeks compensation for his alleged conditions pursuant to the Medical Benefits Class Action Settlement Agreement ("MSA") approved by MDL Judge Carl Barbier. (Dkt. 1 at p. 4; Dkt. 3 at Ex. 3). Under the MSA, the issues to be litigated in a BELO include the level and duration of the class member's exposure and

whether the class member's later-manifested physical conditions ("LMPCs") were legally caused by the exposure. (Dkt. 3-3 at p. 70).

The Docket Control Order (DCO) in this case required Smith to identify his experts and produce his expert reports by January 10, 2021. The DCO also imposed a deadline of May 8, 2021 for the completion of discovery. (Dkt. 23). Smith has not designated experts or provided expert reports in this case. Defendants filed this motion for summary judgment on the grounds that without expert testimony, Smith cannot prove causation of his alleged LMPCs as a matter of law. (Dkt. 36). Smith has not filed a response to the motion.[1]

## II.   APPLICABLE LAW

Under Federal Rule of Civil Procedure Rule 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Burrell v. Prudential Ins. Co. of Am.*, 820 F.3d 132, 136 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby*, 477

---

[1] Under the Local Rules of the Southern District of Texas, a response to a motion is due 21 days after the motion is filed. S.D. Tex. L.R. 7.3, 7.4(A). Plaintiff's response to the Motion to Dismiss was due February 19, 2021. No opposition was filed by that date. The Local Rules provide that failure to respond to a motion is taken as a representation of no opposition. S.D. Tex. L.R. 7.3, 7.4. While recognizing that Local Rule 7.4 allows a court to construe a party's failure to respond as a representation of no opposition, the Fifth Circuit has said that where the motion is dispositive, "[t]he mere failure to respond to a motion is not sufficient to justify a dismissal with prejudice." *Watson v. United States ex rel. Lerma*, 285 Fed. Appx. 140, 143 (5th Cir. 2008). The Fifth Circuit has held, however, that a proper sanction for a failure to respond to a dispositive motion is for the court to decide the motion on the papers before it. *Ramsay v. Bailey*, 531 F.2d 706, 709 n. 2 (5th Cir. 1976), *cert denied*, 91 S.Ct. 1139 (per curiam); *see also Eversley v. MBank Dallas*, 843 F.2d 172, 173–74 (5th Cir. 1988) (observing that when the nonmovant fails to respond, the court may properly accept as true the movant's factual allegations).

U.S. 242, 248 (1986)). A fact is material if "its resolution could affect the outcome of the action." *Nunley v. City of Waco*, 440 F. App'x 275, 277 (5th Cir. 2011). The court must view the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir. 2018).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating . . . that there is an issue of material fact warranting trial." *Kim v. Hospira, Inc.*, 709 F. App'x 287, 288 (5th Cir. 2018) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)). If the movant produces evidence that tends to show that there is no dispute of material fact, the nonmovant must then identify evidence in the record sufficient to establish the dispute of material fact for trial. *Celotex*, 477 U.S. at 321–23.

### III.   ANALYSIS

Under the MSA, class members' "Issues to be Litigated" include whether the class member's alleged "Later-Manifested Physical Conditions" were "legally caused by his or her exposure." (Dkt. 3-3 at p. 70). The MSA also states that it shall be interpreted in accordance with general maritime law. (Dkt. 3-3 at p. 196). Federal courts handling *Deepwater Horizon* back-end lawsuits have consistently applied maritime law and required plaintiffs to prove causation. *Wilburn v. BP Expl. & Prod., Inc.*, No. 19-CV-898 at *8 (S.D. Tex. Jun. 24, 2020) (Rosenthal, C.J.); *See, e.g., Piacun v. BP Expl. & Prod., Inc.*, No. 15-2963, 2016 WL 7187946, at *7 (E.D. La. Dec. 12, 2016).

The Fifth Circuit has held that "[s]cientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiff's burden in a toxic tort case." *McGill v. BP Expl. & Prod., Inc.*, No. 1:18CV159-LG-RHW, 2019 WL 6053016, at *2 (S.D. Miss. Nov. 15, 2019), *aff'd*, 830 F. App'x 430 (5th Cir. 2020) (quoting *Curtis v. M&S Petroleum, Inc.*, 174 F.2d 661, 670 (5th Cir. 1999)). General maritime law requires "admissible expert testimony to establish causation" in toxic tort cases. *Seaman v. Seacor Marine L.L.C.*, 326 F. App'x 721, 723–24 (5th Cir. 2009) (citing *Allen v. Pa. Eng'g. Corp.*, 102 F.3d 194, 199 (5th Cir. 1996)). Accordingly, Smith must present admissible expert testimony to show that exposure to chemicals during the *Deepwater Horizon* oil spill clean-up caused his medical conditions which include body rashes and headaches.

Additionally, the identity of the expert providing this testimony and his or her expert report must be timely disclosed to opposing parties. Federal Rule of Civil Procedure 26(a) requires parties to disclose "the identify of any witness it may use at trial to present evidence." FED. R. CIV. P. 26(a)(2)(A). Rule 26(a)(2)(B) requires retained experts to submit expert reports. Smith has failed to identify any expert or law witnesses in this case. (Dkt. 23).

Federal Rule of Civil Procedure 37(c) states that if "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). In *Hamburger v. State Farm Mut. Auto Ins. Co.,*, the Court held that district courts must

consider four factors in determining whether a violation of Rule 26(a) is harmless: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." 361 F.3d 875, 883 (5th Cir. 2004). "Because of a trial court's need to control its docket, a party's violation of the court's scheduling order should not routinely justify a continuance." *Id.* at 884. "Otherwise, the failure to satisfy the rules would never result in exclusion, but only in a continuance." *Id.* Here, each of the *State Farm* factors weighs against a finding that Smith's violation was harmless.

 Smith has failed to provide any explanation for missing the DCO deadlines in this case. Accordingly, the first factor weighs in favor of finding that the error was not harmless. Next, the testimony of Smith's expert witnesses is critical; without it, Smith cannot meet his burden to prove that his medical conditions were caused by his exposure to the chemicals that he encountered during clean-up. The importance of the testimony underscores the need for Smith to have timely designated his expert witness so that BP could effectively prepared for trial; the second factor also weighs in favor of finding that the omission was not harmless. *Geiserman v. MacDonald,* 893 F.2d 787, 792 (5th Cir. 1990). BP would also be greatly prejudiced by allowing Smith to designate experts and provide their reports at this point. Discovery in this case has closed and the deadlines for dispositive motions have passed. (Dkt. 23). Amending the DCO to allow sufficient time for expert designation, depositions, and rebuttal experts would significantly delay trial. Thus, the third factor also weighs against finding that the violation was harmless. Finally, this prejudice would not be cured by granting a continuance. Smith has failed to respond

to any motions filed in this case, including this motion for summary judgment, has failed to appear for his most recent hearing before the Court, and has failed to comply with Court orders to respond to discovery and file proof of service with the Court. (Dkt. 29). There is no reason to believe that, if granted a continuance, Smith would comply with the Court's procedures and would designate experts in accordance with a modified DCO. Accordingly, the Court finds that all of the *State Farm* factors weigh against finding that Smith's violation of Rule 26(a) was harmless.

## IV.   CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment (Dkt. 36) is **GRANTED**. All other pending motions are denied as **MOOT**.

SIGNED at Houston, Texas, this 26th day of August, 2021.

*George C. Hanks Jr.*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE